12 So.2d 368

**BRYAN v. STATE.**
4 Div. 713.

Court of Appeals of Alabama.
March 2, 1943.

J. C. Fleming, of Elba, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

By an Act approved August 31, 1939, the pertinent part of which now appears as Subsection 10 of Section 229 of Title 13 of the Code of 1940, our legislature provided for Circuit Solicitors (and other Solicitors) that: "They shall carefully read and check the bill of exceptions in all criminal cases appealed to the supreme court or to the court of appeals in their respective circuits, counties or division of a county, and shall call to the attention of the circuit judge or other judge to whom the bill of exceptions is presented any inaccuracies or mistakes or misstatements which in their opinion may appear in such bill of exceptions, and shall render such services as may be necessary to see that such bill of exceptions is correct before being signed by such judge."

By a revision of the law appearing for the first time in the Code of 1940, which became effective on May 31, 1941, it is provided that a party filing a bill of exceptions "must furnish to the adverse party, or his attorney, a copy thereof, and must endorse on the original a certificate to that effect over his signature." See Code 1940, Title 7, Section 822.

This is a criminal case; wherein appellant was convicted of the offense of manslaughter in the first degree and his punishment fixed at imprisonment in the penitentiary for the term of four years.

It is admitted that the counsel for appellant did not comply with the provision of Code 1940, Tit. 7, Sec. 822, quoted hereinabove.

In fact, it appears that the counsel for the State below, the Solicitor for the circuit, prior to the signing and approval of the bill of exceptions, filed a motion in the circuit court asking that the bill of exceptions be not signed and approved, because, solely, of the failure of appellant to comply with the said quoted provision of Code 1940, Title 7, Sec. 822. But that his motion was overruled; and said bill of exceptions duly signed and approved.

The State here makes a motion to strike the bill of exceptions, on the single ground of the said failure of appellant to comply with said quoted provision of Code 1940, Tit. 7, Sec. 822.

While the provision, quoted, of Code 1940, Tit. 7, Sec. 822, is that "the party filing said bill must furnish to the adverse party, or his attorney, a copy thereof, and must endorse on the original a certificate to that effect over his signature," yet it is observed that no penalty is specifically provided for a failure to do so.

It is our opinion, and we hold, that said quoted provision was inserted into the law, primarily, for the convenience of the judge whose duty it was to approve and sign a correct bill of exceptions. And, that upon a failure of a party to comply therewith, the judge might, for that reason alone, refuse to sign and approve the bill of exceptions—whether it was correct, or not. And that upon such refusal the offending party should be without remedy in the premises.

But where the judge, upon whom after all rests the responsibility of signing and approving a correct bill of exceptions, chooses to excuse the dereliction of the offending party, and examine, approve, and sign the bill of exceptions it would seem to us but idle mockery to, here, strike said bill on no other ground than said dereliction noted. If need be, Supreme Court, Rule 45, might well be brought into play; at least the spirit thereof supports our view.

The motion to strike the bill of exceptions is overruled. And this would be our ruling even if we did not—which, however, we do—assume that the astute Circuit Solicitor below performed his full duty under the terms of Code 1940, Tit. 13, Sec. 229, quoted hereinabove.

But we can not see that appellant is much better off with a bill of exceptions than he would be without it.

There is really nothing worthy of discussion apparent.

 One Joseph Harrelson, a pedestrian on a highway—rather, just off it—was struck, at night, and killed, by a "pick-up truck" being driven by some man in such a reckless manner as to cause the one driving same to be guilty not only of manslaughter, but of a higher degree of homicide—should the jury have seen fit to so find.

The above is not controverted by able counsel here representing appellant.

The sole contention, here, is that there was no sufficient evidence from which the jury could find, beyond a reasonable doubt, that appellant was the man driving the "pick-up truck" at the time Harrelson was struck and killed.

But all the argument addressed to us on that question is, we feel sure, the same that was addressed—as it was, properly—to the jury trying the case.

It is enough that we say that we have carefully examined the evidence contained in the bill of exceptions. And that it is abundant to the effect that appellant was the man driving said truck.

No further discussion seems requisite.

The judgment is affirmed.

Affirmed.